# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASES NO.  4:14cr64-RH/CAS
                                                                4:17cv576-RH/CAS

DERRICK ADAMS,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND
## DENYING A CERTIFICATE OF APPEALABILITY

The defendant has moved under 28 U.S.C. § 2255 for relief from his

judgment of conviction. The motion is before the court on the magistrate judge's

report and recommendation, ECF No. 205, and the objections, ECF No. 206. I have

reviewed de novo the issues raised by the objections. This order accepts the report

and recommendation, adopts it as the court's opinion, and denies the § 2255

motion, with this additional note.

The defendant has not shown either deficient performance or prejudice from

his attorney's failure to request a multiple-conspiracies instruction. First, an

effective attorney could reasonably choose not to request such an instruction in

circumstances like these. Second, the chance that such an instruction would have changed this jury's verdict is remote.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1.  The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2.  A certificate of appealability is denied.

SO ORDERED on January 31, 2020.

s/Robert L. Hinkle_____
United States District Judge